United States v. Butler

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand thirteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **REENA RAGGI,**
> **RICHARD C. WESLEY,**
> *Circuit Judges.*

_____

United States of America,

   *Appellee*,

   v.           12-5120

Elizabeth Butler,

   *Third Party-Appellant*,

Julian Tzolov, Eric Butler,

   *Defendants.*

_____

**FOR THIRD PARTY-APPELLANT:**  Elizabeth Butler, *pro se*, New York, NY.

**FOR APPELLEE:**  Varuni Nelson, Beth P. Schwartz, Mary M. Dickman, Assistant United States Attorneys, *of counsel*, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Third Party-Appellant Elizabeth Butler's husband, Eric Butler, was convicted of securities and wire fraud. His sentence included a $5 million fine and $250,000 forfeiture. The judgment provided that assets in certain accounts, held in Mr. Butler's name only, be applied to his fine and forfeiture. Contending that she had an interest in those accounts pursuant to both her marital relationship with Mr. Butler and a constructive trust theory, Mrs. Butler moved for a preliminary injunction prohibiting the Government from accessing the funds. The district court denied Mrs. Butler all injunctive relief because she did not have a legal or equitable interest in the assets. Mrs. Butler, *pro se*, appeals from that order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the denial of a motion for a preliminary injunction. *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005). "A party seeking a preliminary injunction must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Mrs. Butler's motion for a preliminary injunction. On appeal, Mrs. Butler first argues that she is entitled to half the funds in the restrained accounts because she and her husband operated the accounts as an "economic

partnership," as recognized by New York state law. New York law "requires that a trial court equitably distribute marital property between the parties upon the dissolution of the marriage." *See Commodity Futures Trading Comm'n v. Walsh*, 17 N.Y. 3d 162, 170-71 (2011). The state's equitable distribution law was enacted "[i]n recognition that marriage represents an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker." *Id.* at 171 (citation and internal quotation marks omitted). Mrs. Butler's reliance on the New York state courts' use of this "economic partnership" language does not eclipse the basic principle that New York state law does not create any interest in marital property prior to a judgment dissolving the marriage. *See, e.g.*, *Musso v. Ostashko*, 468 F.3d 99, 105-06 (2d Cir. 2006) (quoting *Leibowits v. Leibowits*, 462 N.Y.S.2d 469, 473 (2d Dep't 1983)) ("A spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest, for the concept of marital property only exists 'as an ancillary remedy to the dissolution of a marriage.'"). Mrs. Butler does not challenge the principle that interest in marital property does not vest prior to a judgment of divorce; rather, she argues that the Government's "cynical view" that "a spouse of any person being investigated for criminal activity [should] divorce that person as quickly as possible to protect assets" is "not sound policy for obvious reasons." Her argument that the current state of the law is bad public policy, however, does not alter the conclusion that she has no legal right to assets held in her husband's name only.

Mrs. Butler's argument that the funds she deposited into the accounts should be deemed held in a constructive trust similarly fails. Mrs. Butler relies heavily on *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1158 (2d Cir. 1994). There, the spouse of a criminal defendant claimed an ownership interest in a certificate of deposit ("CD") held in the name of her husband. *Id.* at 1156. In support of this claim, the defendant provided an affidavit stating that the money

3

belonged to his wife, that she had transferred the money to him to help him establish credit, and that he had agreed to repay her in full once the CD matured. *Id.* *Torres* is readily distinguishable from the instant case. During the evidentiary hearing below, both Butlers testified that the funds deposited into the accounts–even the funds deposited from Mrs. Butler's earnings–were used to pay their family's expenses. Mrs. Butler's argument that the funds she deposited into the account were essentially held for her in a constructive trust, with the expectation that they would be returned to her, is contradicted by this testimony, as well as by her continued argument that she and her husband operated as an "economic partnership."

Finally, on appeal, Mrs. Butler repeatedly cites statements by the magistrate judge who held the evidentiary hearing below, indicating that he incorrectly assumed all of the funds in the restrained accounts to be the proceeds of Mr. Butler's criminal activities. Mrs. Butler argues that the magistrate judge therefore conducted the evidentiary hearing and issued his report and recommendation under a "fundamental misconception." This line of argument is unavailing. Whether the magistrate judge incorrectly attributed all of the funds in the restrained accounts to Mr. Butler's criminal activities had no bearing on the magistrate judge and district court's correct conclusion that Mrs. Butler failed to demonstrate a legal right to the assets in the accounts, regardless of their origin.

We have considered all of Mrs. Butler's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4